# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BOBBY BAGGETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:14-cv-1988** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **THE KROGER COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss (Docket No. 5) filed by the defendant, Kroger Limited Partnership I ("Kroger"),[1] to which the plaintiff, Bobby Baggett, has filed a Response in opposition (Docket No. 8), and the defendant has filed a Reply (Docket No. 9). For the reasons stated herein, the defendant's Motion to Dismiss will be granted and the plaintiff's claim will be dismissed with prejudice.

## BACKGROUND[2]

The plaintiff is a former employee of Kroger, a corporation with grocery stores located throughout Tennessee. In early 2013, Baggett suffered an injury at work. He subsequently filed a workers' compensation claim against Kroger. As a result of his injury, Baggett's work duties were restricted by his doctor; however, Kroger was able to find work for him that met the restrictions put in place by his doctor.

---

[1] The court notes that the defendant is inaccurately identified as "the Kroger Company" in the caption and the Complaint. The correct name of the defendant is "Kroger Limited Partnership I." (Docket No. 7 at 1.)

[2] Unless otherwise noted, the facts are drawn from the Complaint. (Docket No. 1, Ex. A.)

On September 18, 2013, Kroger terminated Baggett's employment. According to the Complaint, Kroger informed Baggett at the time of his termination that his employment was terminated because Kroger could not accommodate his work restrictions. The Complaint further alleges that, at some later time, Baggett discovered that, in truth, he was terminated because he had filed a workers' compensation claim against Kroger.

On September 19, 2014, Baggett filed the Complaint in the Chancery Court of Dickson County, Tennessee. (Docket No. 1, Ex. A.) Baggett alleged that Kroger violated Tennessee common law by discharging him in retaliation for his workers' compensation claim. Baggett further alleged that he suffered lost wages and was entitled to a money judgment, including punitive damages.

Kroger removed the action to this court on October 17, 2014, alleging diversity jurisdiction. (Docket No. 1.) On October 24, 2014, Kroger filed the pending Motion to Dismiss. (Docket No. 5.)

## ANALYSIS

### I.  Rule 12(b)(6) Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not

whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## II.   **The Defendant's Motion**

The defendant has made three arguments with regard to dismissal. First, Kroger argues that Baggett's claim is time-barred by the applicable statute of limitations. Second, Kroger argues that Baggett has failed to allege an essential element of his claim—his status as an at-will employee. And third, Kroger argues that the Complaint otherwise fails to state a claim for relief. Because the court concludes that the plaintiff's claim is barred by the statute of limitations, it need not reach the defendant's additional arguments for dismissal.

### A.  **The Plaintiff's Common Law Retaliatory Discharge Claim is Time-Barred**

The parties appear to agree that the plaintiff's common law retaliatory discharge claim is governed by a one-year statute of limitations. *See Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) ("A claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be commenced within one (1) year after the cause of action accrued."); T.C.A. § 28-3-104 (general tort statute of limitations). The parties

also agree that Baggett filed his claim on September 19, 2014—exactly one year and one day after his employment was terminated by Kroger.  However, the parties dispute when the plaintiff's claim accrued for purposes of the statute of limitations.

It is well settled that an employee's cause of action for retaliatory discharge accrues "when the employee is given unequivocal notice of the employer's termination decision." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001); *see also Weber*, 938 S.W.2d at 393. In opposition to the pending Motion to Dismiss, the plaintiff attempts to salvage his untimely claim by arguing that the discovery rule should cause the statute of limitations to be tolled until the date that he learned the true and unlawful reason for his termination.[3]  This argument has been rejected by the Tennessee Supreme Court, as well as the Sixth Circuit and federal courts across the country.  *See Fahrner*, 48 S.W.3d at 144 (rejecting plaintiff's argument that statute of limitations should be tolled by discovery rule because employer's reason for termination, given on date of termination, was false); *see also Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335 (6th Cir. 1995); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995).  Indeed, "[i]n the retaliatory discharge context, acceptance of this argument would essentially eliminate the statute of limitations unless an employer tells an employee, 'you are being fired because you filed a workers' compensation claim.'"  *Fahrner*, 48 S.W.3d at 145.

It is evident that, here, Baggett (or his attorney) failed to file a Complaint within the appropriate time given to him by the legislature.  At this stage, the plaintiff cannot rectify his

---

[3] Although Baggett does not allege a specific date on which he learned the true reason for his termination, he appears to argue that it occurred at least one day after his termination and, therefore, within one year of when he filed his Complaint.

procedural defect by "parroti[ng] the same events that gave rise to [his] underlying claim." *Am. Airlines, Inc. v. Cardoza-Rodriguez*, 133 F.3d 111, 124 (1st Cir. 1998). Accordingly, the plaintiff's claim is time-barred and must be dismissed.

## CONCLUSION

For these reasons, the defendant's Motion to Dismiss (Docket No. 5) is **GRANTED**. Accordingly, the plaintiff's claim is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Enter this 27th day of January 2015.

ALETA A. TRAUGER
United States District Judge